# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Victor Hernandez<br>4840 N. 8th Street<br>Philadelphia, PA 19120 | :<br>:<br>:<br>: | TRIAL BY JURY DEMAND |
| Plaintiff. | :<br>: | CIVIL ACTION NO. |
| v. | :<br>: | |
| City of Philadelphia<br>1515 Arch Street<br>Philadelphia, PA 19102 | :<br>:<br>:<br>: | |
| Jaheen Andrews<br>1515 Arch Street<br>Philadelphia, PA 19102 | :<br>:<br>:<br>: | |
| Mamin Hart<br>1515 Arch Street<br>Philadelphia, PA 19102 | :<br>:<br>:<br>: | |
| O'Neil Murray<br>1515 Arch Street<br>Philadelphia, PA 19102 | :<br>:<br>:<br>: | |
| Sergeant Granville<br>1515 Arch Street<br>Philadelphia, PA 19102, | :<br>:<br>:<br>: | |
| and | :<br>: | |
| CO Reese<br>1515 Arch Street<br>Philadelphia, PA 19102 | :<br>:<br>:<br>: | |
| Defendants. | : | |

**CIVIL ACTION COMPLAINT**

1

Plaintiff by and through his attorney Brian J. Zeiger, Esquire, hereby alleges the following:

## JURISDICTION & VENUE

1. Plaintiff alleges civil rights violations under 42 U.S.C. § 1983 and this Court has jurisdiction pursuant to 28 U.S.C. § 1343 and 28 U.S.C. § 1331.

2. Defendants reside in the Eastern District of Pennsylvania and venue is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. At all times relevant hereto the Plaintiff Victor Hernandez is an adult resident of Pennsylvania who lives at 4840 N. 8th Street, Philadelphia, PA 19120.

4. Defendant City of Philadelphia, doing business at 1515 Arch Street, Philadelphia, PA 19102 is a municipality, duly organized and existing under the laws of the Commonwealth of Pennsylvania.

5. Defendants Andres, Hart, Murray, Granville, and Reese, are believed to be adult citizens of Pennsylvania conducting business at 1515 Arch Street, Philadelphia, PA 19102. The Defendants are believed to be corrections officers and are being sued in their individual capacity, hereinafter referred to as the "individual defendants".

6. At all times material hereto, the defendant corrections officers acted under color of law and within the course and scope of his employment, pursuant to the customs, policies, practices, ordinances, regulations, and directives of the City of Philadelphia.

## FACTUAL BACKGROUND

7. On or about October 6, 2020, Plaintiff was an inmate at the Curran Fromhold Correctional Facility (herein after "CFCF"), when he was attacked by the individual Defendants, who at the time were acting as corrections officers for the Defendant the City of Philadelphia.

8. On October 6, 2020, Plaintiff was an inmate at the CFCF when a dispute between inmates in his pod occurred regarding the telephone system.

9. As a result of the abovementioned fight, Plaintiff was removed from the pod and taken to a new pod.

10. In the new pod, Plaintiff was locked-in his cell.

11. While locked-in to his new cell, Defendant Andrews came into Plaintiff's cell and told Plaintiff he was there to strip search Plaintiff.

12. Defendant Andrews ordered Plaintiff to strip off his clothing–Plaintiff complied.

13. After Plaintiff was naked, the four other individual Defendants entered Plaintiff's new cell.

14. All of the individual Defendants beat Plaintiff.

15. As a result of the beat-down, Plaintiff suffered a ruptured testicle, a blood clot in his testicle, and an enlarged scrotum with approximately one liter of fluid and blood.

16. Further, Plaintiff suffered a rib fracture and a facial wound at or near his eye.

17. Plaintiff was transported to a nearby hospital, where he was taken immediately to surgery to repair his testicle.

18. Based upon information and belief, Plaintiff believes the beating was captured on video, though the camera angle is partially obstructed.

19. To cover their heinous behavior, the individual Defendants made up some type of violation against Plaintiff that caused Plaintiff to be moved to the hole once he was returned from the hospital.

20. Plaintiff's scrotum is permanently inured and scarred as a result of the incident.

21. The individual Defendants were not properly trained and/or supervised how to transfer and relocate and inmate at the CFCF by the Defendant City of Philadelphia.

22. More outrageously, based upon information and belief, Defendant Granville is a supervisor for the Defendant City of Philadelphia.

23. The Defendant City of Philadelphia has been sued on a myriad of occasions for corrections officers beating inmates as evinced on this Court's ecf, yet the Defendant City of Philadelphia still does not properly train and supervise corrections officers regarding the use of force on inmates.

## COUNT I -
## VIOLATION OF 42 U.S.C. § 1983
## ALL DEFENDANTS

24. Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

25. Defendants' actions were undertaken as part of the execution of a custom, policy, and/or practice that violated Plaintiff's civil rights.

26. Defendants' actions were taken under color of state law, are state actions under 42 U.S.C. §1983, and have deprived Plaintiff of her rights, privileges, and/or immunities secured by the Constitution and laws of the United States, including his right to bodily integrity and his right

to be free from illegal seizure.

27. Defendants also violated Plaintiff's constitutional rights under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution by illegally seizing his person and using excessive force against him.

28. On information and belief, the aforesaid actions of Defendants were taken intentionally, willfully, and/or with deliberate indifference to, or reckless disregard for, the rights secured to the Plaintiff. Defendants' actions as stated herein denied Plaintiff's rights in violation of the United States Constitution and 42 U.S.C. § 1983.

29. Defendants also violated and conspired to deprive Plaintiff of his Due Process rights of Access to Courts by concealing their true identities and any identities of any unknown parties related to this action.

30. Defendants' actions were a factual cause of and/or directly and proximately caused Plaintiff's substantial damages and harm.

WHEREFORE, Plaintiff demands judgment for compensatory against all Defendants and punitive damages against all individual Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of One Hundred Fifty Thousand ($150,000.00) Dollars together with delay damages, interest, costs, attorneys' fees, punitive damages for the individual defendants, and declaratory and injunctive relief.

### **COUNT II - EXCESSIVE FORCE - 42 U.S.C. § 1983**

### **INDIVIDUAL DEFENDANTS**

5

31. Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

32. Plaintiff believes and therefore avers that the force used upon him was unnecessary and more force than was reasonable and necessary under the circumstances.

33. Plaintiff believes and therefore avers that Defendants, acting in concert and conspiracy with each other, have by the aforementioned actions deprived Plaintiff of his constitutional and statutory rights.

34. Defendants' actions were a factual cause of and/or caused Plaintiff's substantial damages and harm. (See above).

**WHEREFORE**, Plaintiff demands judgment against Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of Two Hundred Twenty Five Thousand ($150,000.00) Dollars together with delay damages, interest, costs and attorneys' fees and punitive damages.

## COUNT III –
## MONELL CLAIM UNDER 42 U.S.C. § 1983
## DEFENDANT CITY OF PHILADELPHIA

35. Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

36. Defendant City of Philadelphia, through its prisons department, established, knew of, and acquiesced to policies, procedures, and customs that Defendants knew or should have known would lead to violations of citizens' constitutional rights.

37. The decision makers of the City of Philadelphia, who made, enforced, or turned a blind

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340

eye, to the defective policies, procedures, and customs including but not limited to the head of the prison system, the mayor, and the individual defendants direct supervisors on the night in question.

38. Defendant City of Philadelphia, through its prisons department, acted with deliberate indifference to the consequences when establishing and enforcing inadequate policies, procedures, and customs.

39. Defendant City of Philadelphia, through its prisons department, did not properly establish a policy regarding car stops and seizures.

40. Defendant City of Philadelphia, through its prisons department, did not properly establish a policy regarding inmate housing.

41. Defendant City of Philadelphia, through its prisons department, did not properly establish a policy regarding if and when a corrections officer can strip search an inmate.

42. Defendant City of Philadelphia, through its prisons department, did not properly establish a policy regarding videotaping their prison facility.

43. Most outrageously, the deliberate indifference to the safety of inmates, or lack there of, is so pervasive throughout the Philadelphia Prison System, in this case, a supervisor for the City of Philadelphia took part in beating Plaintiff.

44. Defendant City of Philadelphia, through it police department, did not properly train its prison corrections force to be in constant communication with the supervisors to avoid the type of matter as laid herein.

45. Defendant City of Philadelphia, through it police department, did not properly train its prison corrections force to properly activate, employ, and save video footage from the prison.

46. The Plaintiff believes and therefore avers the Defendant City of Philadelphia, has adopted and maintained for many years, a recognized and accepted policy, custom and/or practice of systematically failing to properly train, investigate, supervise and discipline its employees, including the individual Defendants, regarding individuals' rights under the Fourth Amendment, Eighth Amendment and Fourteenth Amendment of the Constitution of the United States.

47. Defendant City of Philadelphia, knew or should have known that its employees engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like Plaintiff, and that they deliberately, knowingly and intentionally failed to take measures to stop or limit the policy, custom and practice and therefore acquiesced in, and were deliberately indifferent to, the aforementioned unconstitutional conduct and policy.

48. By failing to take action to stop or limit the policy and/or custom and/or practice by remaining deliberately indifferent to the systematic abuse which occurred in accordance with and as a direct and proximate result of the policy, Defendant City of Philadelphia condoned, acquiesced in, participated in, and perpetrated the policy in violation of the Plaintiff's rights under the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States, the laws of the United States and of the Commonwealth of Pennsylvania.

49. The conduct of Defendant City of Philadelphia and/or the conduct of defendants' employees or agents, and/or policy maker for the Defendant City of Philadelphia, were a factual cause of and/or the cause of the harm and damages sustained by Plaintiff.

WHEREFORE, Plaintiff demands judgment for compensatory damages against Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340

of One Hundred Fifty Thousand ($150,000.00) Dollars together with delay damages, interest, costs, attorneys' fees, and declaratory and injunctive relief.

                Respectfully submitted,

                /s Brian J. Zeiger
                BRIAN J. ZEIGER, ESQUIRE
                Identification No.: 87063
                zeiger@levinzeiger.com
                LEVIN & ZEIGER, LLP
                1500 JFK Blvd, Suite 620
                Philadelphia, Pennsylvania 19102
                215.546.0340